<pre>                    UNITED STATES BANKRUPTCY COURT
                    EASTERN DISTRICT OF MICHIGAN (Detroit)
</pre>

In re:                                    Chapter 13 No. 16-49099-pjs
Debby Jane Gourley
         Debtor.                   Hon. Phillip J. Shefferly
_____/

## ORDER RESOLVING MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ENTRY OF ORDER WAIVING THE PROVISION OF FRBP 4001 (A)(3) AND MODIFYING THE STAY

      Creditor, Citibank, N.A., as Trustee for Wachovia Loan Trust 2005-SD1, Asset-Backed Certificates, Series 2005-SD1, by and through its attorneys, Trott Law, P.C., and the Debtor(s), Debby Jane Gourley, by and through their attorney, Douglas P. Chimenti, having filed with the Court a STIPULATION RESOLVING MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ENTRY OF ORDER WAIVING THE PROVISION OF FRBP 4001 (a)(3) AND MODIFYING THE STAY, with respect to the property located at 14838 La Grande Plz, Warren, MI 48088-3904, and the Court being fully advised in the premises;

      IT IS HEREBY ORDERED AS FOLLOWS:

      1.     As of December 9, 2019, the loan is contractually due for April 15, 2020.

      2.     Effective December 9, 2019, in the event the Debtor(s) fails to remit payments as required to the Creditor, including any attorney fees as noted below, Creditor may serve on Debtor(s), Debtor's counsel, and the Chapter 13 Trustee, a Notice of Default; and in the event the default is not cured within 30 days from the date of service, along with all subsequently required payments maintained, Creditor may submit to the court for entry an order vacating the automatic stay and co-debtor stay, as applicable, no further notice, hearing, or motion being required.

      3.     Debtors are limited to two opportunities to cure. Should a third default occur, the stay shall terminate upon the filing of a Notice and Order. Creditor's fees and costs associated with any defaults are recoverable and may be included in the amount to cure.

      4.     Attorney fees and costs for the Motion for Relief are recoverable from the Debtor and shall be paid directly by Debtor(s) to Creditor upon the filing if a post-petition fee notice.

      5.     Any Order vacating the automatic stay entered pursuant to this resolution shall be effective immediately notwithstanding the provisions of FRBP 4001(a)(3), the

provisions of FRBP 3002.1 shall be terminated, and the order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code. In the event Creditor deems the property is physically abandoned by the debtor(s)/homeowner(s), or by consent of the debtor(s) / homeowner(s), Creditor may also seek to shorten the Michigan post foreclosure statutory redemption period. A Chapter 7 Trustee may have the same rights and defenses as Debtor(s) should Creditor seek to shorten the redemption period.

6. Any Order vacating the automatic stay and the co-debtor stay entered pursuant to this resolution shall allow Movant, at its option, to offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement, deed in lieu of foreclosure/short sale or other loss mitigation solution. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

**Signed on December 23, 2019**



/s/ Phillip J. Shefferly
**Phillip J. Shefferly**
**United States Bankruptcy Judge**